

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

June 1, 2017

Christian M. Capece
Federal Public Defender
300 Virginia Street, East
Room 3400
Charleston, WV 25301

FILED
JUN 28 2017
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

Re: United States v. Ray Eads

Dear Mr. Capece:

This will confirm our conversations with regard to your client, Ray Eads (hereinafter "Mr. Eads"). As a result of these conversations, it is agreed by and between the United States and Mr. Eads as follows:

1. **CHARGING AGREEMENT.** Mr. Eads agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

2. **RESOLUTION OF CHARGES.** The United States agrees not to file an information pursuant to 21 U.S.C. § 851. Mr. Eads will plead guilty to a violation of 21 U.S.C. § 841(a)(1)(possession with intent to distribute 50 grams or more of a substance containing a detectable amount of methamphetamine) as charged in said information.

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Eads will be exposed by virtue of this guilty plea is as follows:

*R.J.E*
Defendant's Initials

    (a)    Imprisonment for a period of at least 5 and up to 40 years;

    (b)    A fine of $5 million, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)    A term of supervised release of at least 4 years;

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

    (e)    An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement; and

    (e)    Pursuant to 21 U.S.C. § 862(a)(1), the Court may permanently deny certain federal benefits to Mr. Eads for a period of 5 years.

    4.    **SPECIAL ASSESSMENT.** Mr. Eads has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Eads agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5.    **ABANDONMENT OF PROPERTY.** Mr. Eads hereby agrees to release, relinquish, waive or abandon to the United States or to the State of West Virginia any and all right, title and interest he may have in the firearms, associated ammunition, and bullet proof vest that were seized on May 18, 2017 from Mr. Eads' residence located at 2269 Smith Creek Road, South Charleston, West Virginia. The property hereby abandoned by the defendant under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to the law.

_RSE_  
Defendant's Initials

6. **PAYMENT OF MONETARY PENALTIES**. Mr. Eads agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Eads further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

7. **COOPERATION**. Mr. Eads will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Eads may have counsel present except when appearing before a grand jury. Further, Mr. Eads agrees to be named as an unindicted co-conspirator and unindicted aider and abettor, as appropriate, in subsequent indictments or informations.

8. **USE IMMUNITY**. Unless this agreement becomes void due to a violation of any of its terms by Mr. Eads, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

9. **LIMITATIONS ON IMMUNITY**. Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in

_RSE_
Defendant's Initials

prosecuting Mr. Eads for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Eads for perjury or false statement if such a situation should occur pursuant to this agreement.

    10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Eads stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

    Mr. Eads agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the information and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Eads or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Eads knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

    The United States and Mr. Eads understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

    11. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Eads knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the

                                                   *RST*
                                                Defendant's
                                                  Initials

manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Eads also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

12. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Eads knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

13. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

    (a)   Inform the Probation Office and the Court of all relevant facts and conduct;

_____<br>Defendant's Initials

    (b)   Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c)   Respond to questions raised by the Court;

    (d)   Correct inaccuracies or inadequacies in the presentence report;

    (e)   Respond to statements made to the Court by or on behalf of Mr. Eads;

    (f)   Advise the Court concerning the nature and extent of Mr. Eads's cooperation; and

    (g)   Address the Court regarding the issue of Mr. Eads's acceptance of responsibility.

14. **VOIDING OF AGREEMENT.** If either the United States or Mr. Eads violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

15. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Eads in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Eads in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                      CAROL A. CASTO
                      United States Attorney

By:              _____
                      C. HALEY BUNN
                      Assistant United States Attorney

                                    _____
                                    Defendant's Initials

CHB/gjb
Enclosures

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 7-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.


_____          _____
Ray Eads                                  Date Signed
Defendant                                 6/2/17


_____          _____
Christian M. Capece                       Date Signed
Counsel for Defendant                     6/2/17

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. _____
           21 U.S.C. § 841(a)(1)

**RAY EADS**

## I N F O R M A T I O N

The United States Attorney Charges:

On or about May 18, 2017, at or near South Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, defendant RAY EADS knowingly and intentionally possessed with intent to distribute 50 grams or more of a substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

                          UNITED STATES OF AMERICA

                          CAROL A. CASTO
                          United States Attorney

              By: _____
                    C. Haley Bunn
                    Assistant United States Attorney

"PLEA AGREEMENT EXHIBIT A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. _____

**RAY EADS**

## STIPULATION OF FACTS

The United States and Ray Eads (hereinafter "defendant") stipulate and agree that the facts comprising the offense of conviction (in the single-count Information in the Southern District of West Virginia and the relevant conduct for that offense), include the following:

On May 18, 2017, officers with the Metropolitan Drug Enforcement Network Team (MDENT) executed a search warrant at defendant's residence located at 2269 Smith Creek Road, South Charleston, within the Southern District of West Virginia. During the execution of the search warrant, officers located approximately 1,245 grams of methamphetamine in defendant's bedroom. The methamphetamine field tested positive. Also located in defendant's bedroom were digital scales, baggies, and the following firearms: 1) an American Tactical .22 caliber rifle; 2) a Mossberg .22 caliber rifle; 3) a Marlin .22 caliber rifle; and 4) a Winchester .308 caliber rifle. Officers also located a bulletproof vest in defendant's closet. Additionally, officers found approximately $11,900 in United States Currency in defendant's bedroom. Defendant intended to distribute the methamphetamine recovered from the residence to individuals in and around the Southern District of West Virginia.

Defendant was *Mirandized* and gave a recorded statement admitting that the firearms and methamphetamine found in the house belonged to him.

*RSE*
Defendant's Initials

"PLEA AGREEMENT EXHIBIT B"

This Stipulation of Facts does not contain each and every fact known to defendant and to the United States concerning his involvement and the involvement of others in the charges set forth in the Information.

Stipulated and agreed to:

_Ray Eads_              6-2-17
RAY EADS              Date
Defendant

_C. M. C._             6-2-17
CHRISTIAN M. CAPECE              Date
Federal Public Defender
Counsel for Defendant

_signature_             6/6/17
C. HALEY BUNN              Date
Assistant United States Attorney